IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YOLANDRA SMITH | ) |
| | ) **JURY TRIAL DEMANDED** |
| Plaintiff, | ) |
| | ) CASE #: _____ |
| V. | ) |
| | ) |
| FOUNDATION CARE LLC | ) |
| | ) |
| Defendant | ) |

**Serve: Registered Agent & Owner**

> Daniel Blakeley
> 4010 Wedgeway Court
> Earth City, MO 63045

## COMPLAINT

**COMES NOW,** Plaintiff, YOLANDRA SMITH, by and through her undersigned counsel and Complaint and for her cause of action against Defendant states as follows:

### COMMON ALLEGATIONS TO ALL COUNTS

1. The Plaintiff is a citizen of the United States and a resident of St. Louis, County, Missouri, currently residing in the City of St. Louis, State of Missouri.

2. Plaintiff is an African-American Female.

3. Defendant, FOUNDATION CARE LLC is a Corporation licensed to do business in the State of Missouri. At all times relevant to this action, Defendant was an employer, joint employer, or prospective employer as defined in 42 U.S.C. Section 2000e and it's place of business is 4010 Wedgeway Court, located in (St Louis County) Earth City, Missouri 63045

1

## Jurisdiction

4. Plaintiff filed Administrative Complaint(s) of Race Discrimination, Retaliation and Hostile Work Environment with the Missouri Commission on Human Rights. Charge(s) of Discrimination were filed with the Missouri Commission on Human Rights (MCHR) and by doing so, said charges were dually filed with the Equal Employment Opportunity Commission (EEOC), alleging race discrimination, Retaliation and Hostile Work Environment. Said Charges were designated as EEOC Charge #: 560-2016-01100.

5. On May 13, 2016, the EEOC issued a Notice of Right to Sue on her Charge(s) of Discrimination concerning Retaliation and Race Discrimination / Hostile Work Environment. A copy of said Notices are attached hereto as (EXHIBIT # 1)

6. The Plaintiff's Complaint is timely, as she filed this instant lawsuit within (90) days of receipt of the Right To Sue Letter.

7. COUNT I, of this Complaint is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C., Sec. 2000(e) et seq. Jurisdiction for COUNT I, is invoked pursuant to 42 U.S.C. sec. 2000(e) -5(f), 28 U.S.C. sec. 1331 and 1343(3) and (4), and 28 U.S.C. sec 2201 and 2202.

8. COUNT II, is authorized and instituted pursuant to 42 U.S.C. sec. 1981.

9. COUNT III is authorized by the Missouri Human Rights Act, Mo Rev. Stat. Section 213 et.seq and under this Court's pendent Jurisdiction.

10. COUNT IV is authorized by the Missouri Human Rights Act, Mo Rev. Stat. Section 213 et.seq and under this Court's pendent Jurisdiction; COUNT V is

2

authorized by Revised Missouri Statute 290.110 and this Court has pendent jurisdiction.

## ALLEGATIONS OF FACT

11. Plaintiff began working for Foundation Care LLC. in the position of Certified Pharmacy Technician on or about February 1, 2010.

12. Throughout her tenure, Plaintiff performed her duties to the legitimate expectations of her employer and had received many Awards and professional accolades and customer Compliments, amongst other acknowledgments of her excellent service.

13. Plaintiff was subjected to different treatment based on her race, African-American.

14. Foundation Care LLC has practiced and does practice racial discrimination in its discipline and firing policies, practices, and procedures, all affecting the terms and conditions of employment. Furthermore, defendant has given false and pretextual reasons for actions taken in regard to Plaintiff. All of this affected the terms, conditions and privileges of her employment. Defendant's actions and omissions described herein constituted differential treatment based upon race and have had a disparate impact upon Plaintiff.

15. Examples of the discrimination and specific instances of discriminatory practices for plaintiff include, but are not limited to the following:

   (a) *Differential Discipline—Plaintiff was disciplined for no legitimate reason.:* Plaintiff was given discipline or more severe discipline, including being threatened with termination if she would not cease

expressing her reasonable concerns to the company, with no prior warnings, whereas white employees received no discipline or less severe discipline for the same type and or natured alleged infraction and or behavior.

(b) *Retaliation and Hostile Work Environment-* Plaintiff complained to Management and the Missouri Board of Pharmacy about serious operational violations which appeared to be directly prohibited by RSMo Chapter # 338.013.1 and various violations under TiTle 2220, State Regulations under the State Board of Pharmacy. Plaintiff had filed multiple complaints of discrimination, retaliation and other serious complaints to Foundation Care management personnel. Defendant took no remedial actions to address these concerns. Instead, Defendant engaged conduct designed with the specific purpose to retaliate against Plaintiff for her many complaints. The conduct was specifically designed to 'target' Plaintiff for termination.

(c) *Further Evidence of Retaliation and Evil Motive:*
After Plaintiff's unlawful termination, on November 3, 2015 requested her final wages pursuant to RSMo # 290.110 and within (7) days Defendant failed to and or refused to pay Plaintiff's final wages. On November 20, 2015, Plaintiff submitted another certified letter to Human Resources regarding its direct violation of Statute # 290.110 regarding Plaintiff's final Wages. Defendant refused to respond and did not pay the wages and thus is subject to the penalty for failing to

4

and or refusing to pay said wages. The final wages were electronically tracked by the Company Insperity by its "Time Star" system data base, another wage/pay system, contracted/ controlled by Defendant, which clearly indicates **wage accrual** for Plaintiff Yolandra D. Smith, Employee Number # 2312576 at **36.871** hours at the time of termination. Mysteriously, after Plaintiff's submitted requests for her final wages, the system data was zero'd out by Defendant presumably to falsely reflect that Plaintiff had not accrued any wages but Plaintiff never received the earned and accrued wages.

C(1)    Defendant even after Plaintiff's wrongful termination submitted intentionally false assertions to the Missouri Division of Employment Security, in an effort to have her Unemployment Benefits denied. This evil act did delay the receipt of Unemployment Benefits.

## COUNT I –

## CLAIMS UNDER Title VII

### Racial Discrimination

Plaintiff re-alleges paragraphs 1 through 15 herein above.

16. Defendant intentionally engaged in unlawful employment practices by discriminating against plaintiff based upon her race, all in violation of 42 U.S.C. sec. 2000(e) et. Seq, Title VII of the Civil Rights Act of 1964, as amended, by practices, acts, and omissions, as set out hereinabove.

17. Defendant had clear knowledge and knew and or should have known, his actions were in violation of Title VII of the Civil Rights Act and 42 U.S.C section 1981

5

as Defendant received MULTIPLE COMPLAINTS from Plaintiff regarding the unlawful conduct prior to her being wrongfully terminated and that she had contacted the EEOC.

18. Defendant knew or should have known that its conduct as described herein involved an unreasonable risk of causing emotional distress to the plaintiff.

19. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered: Economic loss in the form of lost wages and lost benefits; vocational-professional losses in the form of a detrimental job record and diminished career potential; and personal injury in the form of embarrassment, humiliation and anxiety; Damage to personal and professional reputation; Emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

20. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and his reasonable attorney's fees incurred herein and relevant to the advancement of this cause, pursuant to the provisions of Title VII of the Civil Rights Act of 1964; Including any expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000(e) – 5(k), as amended.

21. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and or outrageous, being engaged in such conduct he knew or should have known would cause the herein damages; because of defendant's evil motive and or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

6

**WHEREFORE,** Plaintiff prays under COUNT I of his Complaint that this Court find that the defendant has engaged in unlawful employment practices under the laws governing equal employment opportunities and , because of said unlawful employment practices, grant and award:

A Permanent injunction enjoining defendant, its officers, agents, employees, successors and assigns, and all persons acting in concert and or participating with defendant, from engaging in any employment practice which discriminates against persons because of race, including plaintiff herein; Reinstatement to her position with defendant; A judgment in an amount allowed by law for her actual, exemplary and punitive damages as will punish the defendant and deter similar unlawful, discriminatory, retaliatory and malicious acts in the future; awarding plaintiff the cost and expenses of this litigation, including reasonable attorney's fees as well as expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000e-5(k), as amended; and any such other relief as this Court deems just and proper.

## COUNT II –

### CLAIMS UNDER 42 U.S.C. Section 1981

### Racial Discrimination, Retaliation and Hostile Work Environment

Plaintiff re-alleges paragraphs 1 through 21 hereinabove.

22. The actions and inactions described hereinabove demonstrate that plaintiff was unlawfully discriminated against in the terms, conditions and privileges incident to his employment, such as, but not limited to, compensation, disparate treatment and retaliation and other considerations accorded other employees, because of her race, retaliation, all in violation of 42 U.S.C. Section 1981. Defendant thus

maintains a pattern, practice, and policy of racial and other discrimination and retaliation in employment opportunities, terms and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff.

23. Defendant knew or should have known that its conduct as described herein involved an unreasonable risk of causing emotional distress to the plaintiff.

24. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered: Economic loss in the form of lost wages and lost benefits; vocational-professional losses in the form of a detrimental job record and diminished career potential; and personal injury in the form of embarrassment, humiliation and anxiety; Damage to personal and professional reputation; Emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

25. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and his reasonable attorney's fees incurred herein and relevant to the advancement of this cause, pursuant to the provisions of 42 U.S.C. Section 1981; Including any expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000(e) – 5(k), as amended.

26. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and or outrageous, being engaged in such conduct he knew or should have known would cause the herein damages; because of defendant's evil motive and or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

8

**WHEREFORE,** Plaintiff prays under COUNT II, of his Complaint that this Court find that the defendant has engaged in unlawful employment practices under the laws governing equal employment opportunities and , because of said unlawful employment practices, grant and award:

A Permanent injunction enjoining defendant, its officers, agents, employees, successors and assigns, and all persons acting in concert and or participating with defendant, from engaging in any employment practice which discriminates against persons because of race, including plaintiff herein;  Reinstatement to his position with defendant; A judgment in an amount allowed by law for his actual, exemplary and punitive damages as will punish the defendant and deter similar unlawful, discriminatory, retaliatory and malicious acts in the future; awarding plaintiff the cost and expenses of this litigation, including reasonable attorney's fees as well as expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000e-5(k), as amended; and any such other relief as this Court deems just and proper.

## COUNT III

### COGNIZABLE UNDER  MISSOURI HUMAN RIGHTS ACT
### Race Discrimination

Plaintiff alleges and incorporates by reference as if fully set out herein, all preceding paragraphs of her complaint.

27. Plaintiff was treated worse than similarly situated white co-workers affecting terms and conditions of her employment because of her race.

28. Plaintiff was disciplined for no legitimate reason.

9

29. Similarly situated white employees were not subject to the behavior described herein above.

30. By engaging in the behavior set forth herein above, Defendant engaged in conduct proscribed by Mo. Rev. Stat. 213 et. seq.

31. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress as well as other damages and loss and is therefore entitled to monetary damages.

32. The actions and inactions described hereinabove demonstrate that plaintiff was unlawfully discriminated against in the terms, conditions and privileges incident to his employment, such as, but not limited to, compensation, disparate treatment and retaliation and other considerations accorded other employees, because of her race, retaliation, all in violation of Mo Hum Rights Act sect 213. Defendant thus maintains a pattern, practice, and policy of racial and other discrimination and retaliation in employment opportunities, terms and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff.

33. Defendant knew or should have known that its conduct as described herein involved an unreasonable risk of causing emotional distress to the plaintiff.

34. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered: Economic loss in the form of lost wages and lost benefits; vocational-professional losses in the form of a detrimental job record and diminished career potential; and personal injury in the form of embarrassment, humiliation and anxiety; Damage to personal and professional reputation; Emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

35. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and his reasonable attorney's fees incurred herein and relevant to the advancement of this cause, pursuant to the provisions of 42 U.S.C. Section 1981; Including any expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000(e) – 5(k), as amended.

36. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and or outrageous, being engaged in such conduct he knew or should have known would cause the herein damages; because of defendant's evil motive and or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

37. Defendant is liable for the conduct described hereinabove.

WHEREFORE, Plaintiff prays that this court:

(1) Direct Defendants to place Plaintiff in the position she would have occupied but for the Defendants'' discriminatory treatment, and make her whole for all earnings she would have received but for Defendants' conduct including but not limited to wages and lost benefits;

(2) Awarding Plaintiff the cost of this action, along with reasonable Attorney's fees;

(3) Awarding Plaintiff compensatory damages, damages for mental anguish and emotional distress, and damages for humiliation in the maximum amount under the Missouri Human Rights Act;

(4) Awarding Plaintiff such punitive damages as will punish the Defendant and deter future conduct along with any and all other relief allowed by statute and as this court deems just and appropriate.

## COUNT IV

### COGNIZABLE UNDER MISSOURI HUMAN RIGHTS ACT
### Retaliation / Hostile Work Environment

Plaintiff alleges and incorporates by reference as if fully set out herein, all preceding paragraphs of her complaint.

38. Plaintiff opposed the discriminatory conduct described hereinabove by making internal complaint(s) to Defendant.

39. Defendant failed to ameliorate and or address Plaintiff's concerns as mentioned hereinabove.

40. Plaintiff was threatened not to speak with anyone about her complaints or she would face termination.

41. Plaintiff advised Defendant that she had spoken with the EEOC about her concerns.

42. In response to the above notice that Plaintiff had spoken with the EEOC, Defendant closely scrutinized Plaintiff's work; disciplined her for no legitimate reason and treated her worse than others who had not spoken with the EEOC.

43. Plaintiff was advised that she received a written warning and when Plaintiff inquired about the written warning, Defendant simply gave no explanation nor the nature of this alleged written warning.

44. The conduct described herein and herein above was taken by Defendant in response to Plaintiff's many complaints opposing discriminatory conduct and her notifying the EEOC of her concerns after Defendant failed to ameliorate the conduct of Plaintiff's complaints.

45. By engaging in the behavior set forth herein above, Defendant engaged in conduct proscribed by Mo. Rev. Stat. 213 et. seq.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress as well as other damages and loss and is therefore entitled to monetary damages.

47. The actions and inactions described hereinabove demonstrate that plaintiff was unlawfully discriminated against in the terms, conditions and privileges incident to his employment, such as, but not limited to, compensation, disparate treatment and retaliation and other considerations accorded other employees, because of her race, retaliation, all in violation of Mo Hum Rights Act sect 213. Defendant thus maintains a pattern, practice, and policy of racial and other discrimination and retaliation in employment opportunities, terms and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff.

48. Defendant knew or should have known that its conduct as described herein involved an unreasonable risk of causing emotional distress to the plaintiff.

49. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered: Economic loss in the form of lost wages and lost benefits; vocational-professional losses in the form of a detrimental job record and diminished career potential; and personal injury in the form of embarrassment, humiliation and anxiety; Damage to personal and professional reputation; Emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

50. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and his reasonable attorney's fees incurred herein and relevant to the advancement of this cause, pursuant to the provisions of 42 U.S.C. Section 1981; Including any expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000(e) – 5(k), as amended.

51. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and or outrageous, being engaged in such conduct he knew or should have known would cause the herein damages; because of defendant's evil motive and or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

52. Defendant is liable for the conduct described hereinabove.

WHEREFORE, Plaintiff prays that this court:

(1) Direct Defendants to place Plaintiff in the position she would have occupied but for the Defendants'' discriminatory treatment, and make her whole for all earnings she would have received but for

> Defendants' conduct including but not limited to wages and lost benefits;
>
> (2) Awarding Plaintiff the cost of this action, along with reasonable Attorney's fees;
>
> (3) Awarding Plaintiff compensatory damages, damages for mental anguish and emotional distress, and damages for humiliation in the maximum amount under the Missouri Human Rights Act;
>
> (4) Awarding Plaintiff such punitive damages as will punish the Defendant and deter future conduct along with any and all other relief allowed by statute and as this court deems just and appropriate.

## COUNT V

## CLAIMS PURSUANT MISSOURI REVISED STATUTE # 290.110

### REFUSAL TO PAY WAGES

Plaintiff re-alleges paragraphs 1 through 52 hereinabove.

53. On about November 3, 2015, Plaintiff exercised her rights under Missouri Revised Statute # 290.110, by submitting in writing an official and proper request for her earned and accrued wages that were due within (7) days from the request.

54. Defendant knew that Plaintiff at the time of her termination had in the wage / Pay system maintained by Insperity(Payroll Company contracted by Foundation Care), the TIME STAR system that Plaintiff had accrued 36.871 Hours of Wages. The Employee Number for Plaintiff in this wage / pay system was # 2312576.

55. Defendant refused to respond to Plaintiff's formal request submitted on about November 3, 2015 and so again, Plaintiff submitted a follow up request on about November 20, 2015 to acquire her final wages, again all requests were to no avail.

56. Defendant, as a result of its continued intentionally evil motives and unjust conduct refused to pay the Plaintiff's wages and as such Defendant is subject to any and all penalties cited within said statute.

57. Defendant is liable for the conduct described hereinabove.

WHEREFORE, Plaintiff prays that this court:

(1) Direct Defendants to place Plaintiff in the position she would have occupied but for the Defendants'' discriminatory treatment, and make her whole for all earnings she would have received but for Defendants' conduct including but not limited to wages and lost benefits;

(2) Awarding Plaintiff the cost of this action, along with reasonable Attorney's fees;

(3) Awarding Plaintiff compensatory damages, damages for mental anguish and emotional distress, and damages for humiliation in the maximum amount under the Missouri Human Rights Act;

(4) Awarding Plaintiff such punitive damages as will punish the Defendant and deter future conduct along with any and all other relief allowed by statute and as this court deems just and appropriate.

16

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial on all the hereinabove raised issues.


Respectfully submitted,

LAW OFFICE OF JAMES ROBINSON LLC

_____,

James Robinson # 30960
1100 North Sarah
P.O. Box # 372051
St. Louis, MO 63137
314-667-5303 Office
314-653-1421 Fax


Attorney for Plaintiff Yolandra Smith

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Yolandra Smith<br>Dunnica Avenue<br>Saint Louis, MO 63118 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2016-01100 | Patrick E. Hollis,<br>Investigator | (314) 539-7905 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)      _/s/ Patrick E. Hollis_      5/13/16
James R. Neely, Jr.,      (Date Mailed)
Director

cc: **Michelle Holmes**
**Human Resources Manager**
**FOUNDATION CARE LLC**
**4010 Wedgeway Court**
**Earth City, MO 63045**

8-8-16