UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| YOLANDRA D. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:16-CV-01224-JCH |
| FOUNDATION CARE LLC, | ) ) ) |
| Defendant. | ) ) ) |

### ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Foundation Care LLC (hereinafter "Defendant" or "Foundation Care"), by and through its counsel, Constangy, Brooks, Smith & Prophete, LLP, and for its Answer to Plaintiff's Second Amended Complaint [Doc. 21] ("the Complaint") states as follows:

### AS TO COMMON ALLEGATIONS TO ALL COUNTS

1. Upon information and belief, Defendant admits Plaintiff is a citizen of the United States who resides in St. Louis County, Missouri. All other allegations in Paragraph 1 are denied.

2. Upon information and belief, Defendant admits Plaintiff is an African-American female. All other allegations in paragraph 2 are denied.

3. Foundation Care admits it is a limited liability company licensed to do business in the State of Missouri, with its principal place of business at 4010 Wedgeway Court, Earth City, Missouri 63045. The remaining allegations contained in paragraph 3 are legal conclusions to which no response is required; but to the extent a response is required, Defendant denies the same.

## AS TO JURISDICTION

4. Upon information and belief, Defendant admits that Plaintiff signed a Charge of Discrimination No. 560-2016-01100, on or about May 3, 2016, which speaks for itself. All other allegations contained in paragraph 4 are denied.

5. Upon information and belief, the EEOC issued a Dismissal and Notice of Rights for Charge No. 560-2016-01100, dated May 13, 2016, which Plaintiff attached to the Complaint and which speaks for itself. All other allegations contained in paragraph 5 are denied.

6. Upon information and belief, the EEOC issued a Dismissal and Notice of Rights for Charge No. 560-2016-01100, which Plaintiff attached to the Complaint and which speaks for itself. The remaining allegations contained in paragraph 6 are legal conclusions to which no response is required; but to the extent a response is required, Defendant denies the same.

7. Defendant admits that Plaintiff purports to bring an action pursuant to the enumerated statutes and that this Court has jurisdiction over claims covered by federal statutes, but denies that it violated said statute and further denies that Plaintiff is entitled to any recovery pursuant to said statutes. All other allegations contained in paragraph 7 are denied.

8. Defendant admits only that Plaintiff purports to bring an action pursuant to the enumerated statute, but denies that it violated said statute and further denies that Plaintiff is entitled to any recovery pursuant to said statute. All other allegations contained in paragraph 8 are denied.

9. Except to admit that this Court may exercise pendent jurisdiction over state law claims and that Defendant purports to bring a contract claim, Defendant denies the allegations contained in paragraph 9.

## AS TO ALLEGATIONS OF FACT

10. Defendant admits that Plaintiff began her at-will employment with Defendant on February 22, 2010. All other allegation contained in paragraph 10 are denied.

11. Defendant admits that as of the date of Plaintiff's termination, her hourly rate of pay for work performed was $18. Defendant further admits that Plaintiff was interviewed prior to her hire. All other allegations contained in paragraph 11 are denied.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Except to admit that Plaintiff sent correspondence to Defendant dated November 3, 2015 and November 20, 2015, which speak for themselves, Defendant denies the allegations contained in paragraph 15 of the Complaint, including all subparts.

### AS TO COUNT I – CLAIMS UNDER Title VII - Racial Discrimination

Defendant incorporates its answers and objections to paragraphs 1 – 15 as if fully restated.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint, including those in the Wherefore clause of Count I.

### AS TO COUNT II – CLAIMS UNDER 42 U.S.C. Section 1981
### Racial Discrimination, Retaliation and Hostile Work Environment

Defendant incorporates its answers and objections to paragraphs 1 – 21 as if fully restated.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint, including those in the Wherefore clause of Count II.

### AS TO COUNT III – CLAIMS FOR BREACH OF EMPLOYMENT CONTRACT
### Refusal to Pay Already Accrued/Earned/Vested Wages

Defendant incorporates its answers and objections to paragraphs 1 – 26 as if fully restated.

27. Defendant admits Plaintiff sent correspondence to Defendant dated November 3, 2015, which speaks for itself. All other allegations contained in paragraph 27 are denied.

28. Defendant admits it has means of tracking accrued PTO for eligible employees. All other allegations contained in paragraph 28 are denied.

29. Defendant admits Plaintiff sent correspondence to Defendant dated November 3, 2015 and November 20, 2015, which speak for themselves. All other allegations contained in paragraph 29 are denied.

30. Defendant admits Plaintiff accrued PTO. Defendant further admits employees accrue PTO at certain rates. All other allegations contained in paragraph 30 are denied.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint, including those in the Wherefore clause of Count III.

### SEPARATE AND AFFIRMATIVE DEFENSES

4177529v.1

1.	Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted by this Court.

2.	Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

3.	Plaintiff's claims are barred to the extent she failed to exhaust her administrative remedies pursuant to the Missouri Human Rights Act and further barred to the extent that the investigation and conciliation purposes underlying the requirement for exhaustion of administrative remedies with the EEOC were not met.

4.	Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in the Complaint and any damages which she allegedly suffered.

5.	Defendant asserts that Plaintiff was, at all material times, an at-will employee of Defendant and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

6.	Plaintiff's claim for punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and such damages are, therefore, not recoverable in this action.  Further, the claim for punitive damages violates the federal doctrine of Separation of Powers because punitive damages are a creation of the judicial branch of government and invade the province of the legislative branch; therefore, the claim for punitive damages must be dismissed.

7.	Plaintiff's claims are barred by the doctrines of estoppel and unclean hands.

8.	If any allegations of unlawful conduct are true, the Defendant employees implicated in those allegations acted on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment.

9. Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatorily harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

10. Defendant made good faith efforts to comply with the law and should not be liable for any discriminatory acts by employees of Defendant, whether managerial or not.

11. Defendant's conduct and actions were at all times undertaken in good faith, and without malice, reckless indifference, or ill-will toward the Plaintiff.

12. Any and all actions taken by Defendant affecting Plaintiff were based on legitimate business-related grounds, not related to race.

13. Plaintiff cannot demonstrate severe and pervasive conduct that altered the conditions of her employment.

14. Defendant's decisions made as to Plaintiff's employment were without consideration as to any protected category, but if it is determined that any protected category was a motivating factor in any decision, then Defendant asserts that it would have reached the same result, regardless of any protected category in which the Plaintiff may lie, based upon the facts and circumstances of the case.

15. All events which occurred more than three hundred (300) days prior to the filing of Plaintiff's Charge of Employment Discrimination with the EEOC are untimely and are not properly assertable in this action; nor is Plaintiff entitled to relief in this action for any events which occurred more than three hundred (300) days prior to the filing of her Charge.

16. Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits

4177529v.1

Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff.  Plaintiff further must mitigate all damages and to the extent Plaintiff has failed to do so, Plaintiff's damage claims must be reduced.

17. Plaintiff's claims for economic damages should be barred or limited by any after acquired evidence discovered by Defendant that would show that Plaintiff's employment would have been terminated on other grounds.

18. Plaintiff was promptly paid all wages to which she was entitled at the time of her termination, in accordance with Defendant's policies and procedures.

19. Any compensatory and/or punitive damages are limited to the amounts authorized by statute and/or common law.

20. No contract existed between the parties, and thus Plaintiff may not recover for the breach of one.

21. Defendant is entitled to recover its costs of court and attorneys' fees for the defense of Plaintiff's action because some or all of this action is frivolous and without foundation in law or in fact.

Because no discovery has yet occurred in this action, Defendant reserves the right to assert further defenses as appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that:

(a) The Second Amended Complaint be dismissed;

(b) Judgment be entered for Defendant;

    (c)       Defendant be awarded its costs in defending this matter; and

    (d)       Defendant be awarded such other and further relief as this Court deems proper.

Respectfully submitted this 24th day of October, 2016.

                        CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

                        */s/Susan Bassford Wilson*      .
                        Susan Bassford Wilson, #60621
                        7733 Forsyth Blvd., Suite 1325
                        St. Louis, MO 63105
                        T: (314) 338-3740
                        F: (314) 727-1978
                        swilson@constangy.com

                        Attorneys for Foundation Care LLC

4177529v.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 24th day of October, 2016, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

>James Robinson
>Law Office of James Robinson LLC
>1100 North Sarah
>P.O. Box #372051
>St. Louis, MO 63137
>
>Attorney for Plaintiff

>/s/ *Susan Bassford Wilson*
>Attorney for Defendant